UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:13-CR-45 |
| | ) | |
| JAMES EDWARD BEAN, II, | ) | (VARLAN/SHIRLEY) |
| | ) | |
| Defendant. | ) | |
| | ) | |

### ORDER OF COMMITMENT FOR
### MENTAL EXAMINATION AND EVALUATION

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge as may be appropriate. This matter came before the Court on May 13, 2013, for a motion hearing on the Defendant's sealed Motion [Doc. 411],[1] filed on April 26, 2013. Assistant United States Attorney Zachary Bolitho appeared on behalf of the Government. Attorney Bradley Henry represented the Defendant, who was also present.

The instant motion requests that the Defendant receive a mental evaluation to determine his competency to stand trial. At the hearing, defense counsel submitted medical records, collectively Exhibit A, documenting the Plaintiff's mental impairments. The Defendant stated that he wanted to undergo the psychological evaluation. The Government

---

[1] On April 26, 2013, the Court granted the Defendant's motion [Doc. 405] to file the instant motion [Doc. 411] under seal.

1

did not oppose the motion for a competency determination.

Based upon the information contained in the sealed motion and Exhibit A, the Court finds that reasonable cause exists to believe that the Defendant may presently be suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Thus, the Court concludes that reasonable cause exists to warrant a mental examination and evaluation of the Defendant under 18 U.S.C. § 4241(a). Because the Defendant has not provided notice of his intent to raise an insanity defense, there is no need to evaluate the Defendant pursuant to 18 U.S.C. § 4242(a).

Accordingly, the Court **GRANTS** the Defendant's Motion [**Doc. 411**] that he undergo a mental evaluation of his competency. It is hereby **ORDERED**, pursuant to Title 18, Sections 4241(b), 4247(b) and 4247(c), of the United States Code, as follows:

> 1. The Defendant shall remain in custody to await designation for confinement in a suitable facility for the purpose of conducting a psychiatric and/or psychological examination by one or more licensed or certified psychiatric and clinical psychologists. After designation of the facility is received, the Defendant shall be transported by the United States Marshal Service to such facility.
>
> 2. The purpose of the evaluation shall be:
>
>> a. for conducting psychiatric and psychological examinations by one or more licensed or certified psychiatrists and clinical psychologists; and
>>
>> b. for the purpose of determining whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

3. Pursuant to Rule 12.2(c), the Defendant is to submit to such examinations as ordered above.

4. The Defendant shall be given any necessary medications if determined appropriate by the medical staff at the facility.

5. The examiner and/or examiners designated to conduct such examinations shall, pursuant to Title 18, United States Code, Section 4247(c), file with the Court as soon as possible after the completion of such examinations, a report of their examinations with copies provided to counsel for the Defendant and counsel for the United States, and said report shall include:

>   a. the Defendant's history and present symptoms;
>
>   b. a description of the psychiatric, psychological and medical tests that were employed and their results;
>
>   c. the examiners' findings;
>
>   d. the examiners's opinions as to diagnosis and prognosis, and
>
>   i)   whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

6. Pursuant to Title 18, Section 4247(b), of the United States Code, the Defendant shall be committed to the custody of the Attorney General for the purpose of such examinations for a reasonable period of time not to exceed **THIRTY (30) DAYS**, unless otherwise ordered by the Court.

7. The Defendant shall be **FORTHWITH RETURNED** to the custody of the United States Marshal immediately following the completion of the evaluation or the expiration of the thirty (30) day period, or any reasonable extension of that time period, whichever is sooner.

8. A competency hearing and/or status conference is set for **July 17, 2013, at 1:30 p.m.** If the Defendant has returned and the Court has received the forensic report prior to this time, the Court may schedule a competency hearing on an earlier date. If the Defendant has not returned or the Court has not received the forensic report by this date, then the matter will proceed as a status conference.

9. The United States Marshal shall notify the Clerk of the Court and the undersigned's office promptly when Defendant returns to this jurisdiction from the mental evaluation. If the Defendant has returned in time, the marshals shall bring him to the **July 17, 2013** competency hearing.

10. Because of the length of time necessary to evaluate the Defendant, the May 14, 2013 trial date in this case is removed. All time during which the Defendant is undergoing a mental examination for competency, 18 U.S.C. § 3161(h)(1)(A), along with a reasonable time for transportation to and from such examination, 18 U.S.C. § 3161(h)(1)(F), is fully excludable under the Speedy Trial Act. The trial of this matter is reset to commence on **September 3, 2013, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States Chief District Judge.

11. The Clerk is **DIRECTED** to serve copies of this order on counsel of record and to serve three certified copies on the United States Marshal.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge