UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:13-CR-45-TAV-DCP-29 |
| ALLISON NICOLE MILLER, | ) ) | |
| Defendant. | ) ) | |

## **ORDER**

Before the Court is defendant's pro se motion requesting a judicial recommendation regarding defendant's placement in a Community Confinement Center, also known as a "halfway house," for the last 90 to 120 days of her prison sentence [Doc. 1767]. On January 18, 2018, Defendant's supervised release was revoked by an agreed order, under which defendant was sentenced to a term of imprisonment of 7 months followed by 24 months of supervised release [Doc. 1744]. Defendant was released on July 12, 2018. *See* Inmate Locator, U.S. Dep't of Justice, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/. This motion is therefore moot.

Moreover, even if the motion were not moot, defendant's request would still be denied. Halfway house placement and home confinement under the Second Chance Act, 18 U.S.C. § 3624(c), are matters within the discretion of the Bureau of Prisons, to be determined on an individual basis upon consideration of several factors including "any statement by the court that imposed the sentence. . . ." *See, e.g., Lovett v. Hogsten*, No. 09-5605, 2009 WL 5851205, at *1 (6th Cir. Dec. 29, 2009) (quoting 18 U.S.C. § 3621(b)).

This Court views the Bureau of Prisons as being in a far superior position to determine the appropriate time and manner of community reentry in cases such as this one.

Defendant's motion requesting a judicial recommendation for placement in a halfway house is therefore **DENIED** [Doc. 1767].

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE