UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | No.: 3:13-CR-45-TAV-DCP-16 |
| JAMES EDWARD BEAN II, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on the defendant's pro se motion requesting jail credit [Doc. 1918], to which the government has responded in opposition [Doc. 1936]. Defendant was taken into federal custody on April 1, 2013, by way of a writ of habeas corpus prosequendum, and sentenced on March 12, 2014 [*Id.*]. He requests that he be credited the entire time in between—some eleven (11) months and twelve (12) days [*Id.*].

Defendant's request cannot be granted however, because "[t]his Court cannot grant or compute sentence credits under 18 U.S.C. § 3585(b)." *United States v. Williams*, 2008 WL 3850212, at *1 (W.D. Tenn. Aug. 18, 2008). While the Court may make certain recommendations to the Bureau of Prisons—and indeed, this Court did recommend that defendant receive credit for the time he served after having been received into federal custody on April 1, 2013 [Doc. 1171 p. 2]—"the power to grant credit for time served lies solely with the Attorney General and the Bureau of Prisons." *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001) (citing 18 U.S.C. § 3535(b); *United States v. Wilson*, 503 U.S. 329, 333 (1992)); *see also United States v. Brown*, 417 F. App'x 488, 493 (6th Cir.

2011) ("[A]warding credit for time served is the exclusive responsibility of the Bureau of Prisons."). If the Bureau of Prisons declines to credit the defendant's time served as recommended by the Court, the defendant may then raise his claims through the Bureau's Administrative Remedy Program. *Setser v. United States*, 132 S. Ct. 1463, 1473 (citing 28 C.F.R. § 542.10, *et seq.*). After exhausting his administrative remedies, the defendant may then petition for a writ of habeas corpus under 28 U.S.C. § 2241, a petition which must be filed in defendant's district of confinement—which appears to be the Western District of Louisiana—rather than here, in the sentencing Court.

Accordingly, defendant's motion requesting jail credit [Doc. 1918] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE